GEORGE POINTER ET UX *v* SADIE RICKER

5-5786                                    476 S.W. 2d 798

Opinion delivered February 28, 1972

*Mann & McCulloch,* for appellants.

*Fletcher Long, Jr.,* for appellee.

CONLEY BYRD, Justice. Appellee Sadie Ricker, as the result of an automobile collision, obtained judgment upon a jury verdict for $25,000 against appellants George and Louise Pointer. The collision occurred at the intersection of Washington and South streets in Forrest City, Arkansas, following a Christmas parade. Appellee was headed south on Washington and appellants were headed west on South street. Appellants' vehicle struck appellee's vehicle near the left front door. For reversal appellants contend:

> "I.    There was not sufficient evidence to warrant the giving of instructions on agency between the husband and wife.

II.   The evidence was insufficient to warrant the giving of instructions on permanent injury and future medical expense.

III.   The verdict was excessive.

IV.   There was error in admitting Plaintiff's Exhibit No. 6.

Point I.   The liability of the wife as the owner occupant of the automobile was properly submitted to the jury. The proof shows that the car was owned by Louise Pointer. Her husband was driving the car. Mrs. Pointer was riding in the car at the time of the collision. In *Johnson* v. *Newman,* 168 Ark. 836, 271 S. W. 705 (1925), we held that the responsibility of an owner-occupant under the doctrine of respondeat superior was a question of fact for the jury.

POINT II.   Appellants here contend that the proof was insufficient to warrant instructions on permanent injury and future medical expenses. We do not agree. The collision occurred December 7, 1968, and appellee was examined by Dr. Richard Logue on April 1, 1970. Dr. Logue found that appellee was suffering with a pulse deficit or thoracic outlet syndrome in her left arm. He testified that because of the lapse of time and the persistence of the symptoms there would probably be some persistent symptoms and pain of a permanent nature. However, in his judgment, the symptoms and pain were not of the degree that would require any more active treatment than had already been had. In his opinion the conditions he found would to some extent in the future cause appellee neck, shoulder and head pain. Appellee testified that she was still taking medication at the time of trial.

POINT III.   Neither do we find the verdict excessive. The proof showed that appellee, age 58 at the time of collision, had done all kinds of manual labor, including driving everything from a team of mules to trucks and tractors. Shortly before the collision she worked as a home nurse, mostly caring for elderly patients at an average income of $295 a month plus room and board.

Her job as a home nurse required physical strength in handling the elderly patients. After the accident, appellee, because of the pain and loss of grip, was unable to carry on her former occupation—in fact she had spent her savings and was of necessity living with relatives. Testimony from other witnesses was that before the accident, appellee while visiting them would pitch in and help with the house work but that after the accident she did little or nothing to help and was often forced to go to bed a lot because of pain. While it may be said that the $25,000 verdict is liberal, we cannot say it is excessive.

POINT IV. The item objected to in appellee's exhibit No. 6 is a $50 charge by Dr. Logue for "office exam-evaluation-report." This item, a trial expense, was obviously not a part of appellee's medical expense and should have been excluded. However, any error in connection therewith, can be cured by reducing the judgment from $25,000 to $24,950.

As modified the judgment is affirmed.