Clyde T. WALLACE *v.* Woodrow
WILLIAMS et ux

77-400                                    567 S.W. 2d 111

Opinion delivered June 19, 1978
(In Banc)

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for
appellant.

*Joe Cambiano, P.A.,* for appellees.

FRANK HOLT, Justice. A jury awarded $11,325.41 to appellees for property damage and personal injuries incurred in an automobile collision with appellant. For reversal appellant first asserts the trial court erred in failing to strike the opinion testimony of a physician as to the permanency of appellee Audley Williams' injuries.

A properly qualified expert's opinion constitutes substantial evidence unless it be shown that the expert's opinion is without reasonable basis. *Ark. State Highway Comm'n* v. *Geeslin,* 247 Ark. 537, 446 S.W. 2d 245 (1969). Here the physician is a general practitioner with twenty-six years' experience. His expertise is not questioned. Appellant concedes that the opinion testimony given on direct examination by this treating physician that Mrs. Williams would require future medical treatment for her injuries and had sustained a five percent permanent partial disability as a result of the accident would be sufficient to justify the jury's award of damages. However, appellant argues that on cross-examination, it was demonstrated that the physician's opinion was conjectural and without reasonable basis inasmuch as he did not sufficiently delineate the nature of the injuries received by Mrs. Williams in this accident from her injuries in a previous accident and other infirmities. Mrs. Williams had received an injury to the same area of her low back in an automobile accident four and a half years before the present injury. From the date of the earlier accident, she has been under this physician's care and treatment.

On direct examination, this physician testified that, immediately following Mrs. Williams' last injury, January, 1977, he examined her and found she "had tenderness of the muscles in the lumbrosacral spine and some tenderness in the region of the cervical spine." He x-rayed her and found "[s]he had arthritis of the spine and a degenerative disc disease of the lumbro-sacral spine — that's the low back. And of the cervical spine, she had degenerative disc disease and osteoarthritis there also." Thereafter, he continuously saw her for treatment, prescribing medications for the pain and giving her injections of ACTH. He had treated Mrs. Williams four

and a half years for accidental injuries to her lower back but did not recall with specificity what her condition and problems were because he had lost his chart on her. However, Mrs. Williams' condition "had improved" since the earlier accident. Following the present accident, "her condition worsened." He anticipated Mrs. Williams would continue to require medical treatment "probably" for the rest of her life. Regardless of what her condition was before, as a result of the last accident, it was definitely his opinion that she "probably has about five percent more [permanent disability] than she did have." He based his opinion "[u]pon tenderness and muscle spasm and x-rays of injury and arthritis."

On cross-examination, he testified that since he had lost his records on Mrs. Williams, his comparison of her present injuries with her previous condition was based upon "what I remember." He was not sure when appellee hurt her lower back four and a half years before whether she then aggravated a pre-existing arthritis condition, but was "sure that is probably right." He could not remember prescribing new drugs or medications for her arthritic condition in the interval between accidents except for "one that made her sick." He recalled Mrs. Williams was hospitalized in December, 1976, (a month before the present injury) and diagnosed as suffering from acute gastroeneritis, arteriosclerotic heart disease, coronary sclerosis, and an osteoarthritic condition. He did not recall whether the injury Mrs. Williams received in the prior accident was of such a nature that he gave her a disability rating then. He remembered that she had a narrowing of the intervertebral disc spaces before the 1977 or recent accident which required her to wear a brace and that she had been receiving ACTH as medication for many years. However, the physician reiterated that he felt Mrs. Williams was probably five percent worse off now than she was four and a half years before. At trial the doctor had the benefit of appellee Mrs. Williams' x-ray reports as of March, 1977, and a duplicate card of her numerous office visits since the last injury.

The burden is upon the party against whom the opinion testimony is offered to show by cross-examination that the witness had no logical basis to support his opinion before the

testimony is subject to being stricken on motion. *Ark. State Highway Comm. v. Jones, et ux,* 256 Ark. 40, 505 S.W. 2d 210 (1974); and *Ark. State Highway Comm.* v. *Johns,* 236 Ark. 585, 367 S.W. 2d 436 (1963). It must be demonstrated "that the witness had no reasonable basis whatever for his opinion. *Ark. State Highway Comm.* v. *Russell,* 240 Ark. 21, 398 S.W. 2d 201 (1966). There we also said:

> . . . . [I]f cross examination shows that the witness has a weak or questionable basis for his opinion, that fact has a bearing upon the weight to be given the witness' testimony.

Here, although the testifying physician had lost Mrs. Williams' medical records of her treatments and did not recall in detail these treatments, he stated that based upon what he did remember together with a study of her x-rays following her present injury, he definitely felt that she was five percent worse off as a result of the 1977 accident than before. His inability to remember specifics over a five year period merely weakens the basis of his testimony and the weight to be accorded by the jury.

In the circumstances, we cannot say there was no reasonable basis whatever for this treating physician's opinion. Therefore, since the testimony was properly admitted, there was no error in instructing the jury on the permanency of the injury and future pain, suffering, and mental anguish. See *Pointer, et ux* v. *Ricker,* 251 Ark. 1105, 476 S.W. 2d 798 (1972); and *Swenson and Monroe* v. *Hampton,* 244 Ark. 104, 424 S.W. 2d 165 (1968).

Affirmed.

HARRIS, C.J., dissents.