## KABLE *v.* CAREY.

### Opinion delivered July 1, 1918.

1. MALICIOUS PROSECUTION—ADVICE OF JUSTICE OF THE PEACE.—
   It is no defense to an action for malicious prosecution that the
   defendant acted upon the advice of a justice of the peace. How-
   ever, the advice given by the justice may be proved in mitigation
   of damages, and as a circumstance to show the absence of
   malice.

2. MALICIOUS PROSECUTION—MALICE—INFERENCE.—Malice can not be
   inferred where there is a lack of probable cause, and it can not
   be inferred when all the facts disclosed lead to a different conclu-
   sion; so when defendants, believing that plaintiff was guilty
   of taking property to which he was not entitled, and had him
   arrested, upon the statement of justice of the peace as to the
   nature of plaintiff's supposed crime, malice can not as a matter
   of law be inferred.

Appeal from Craighead Circuit Court, First Divi-
sion; *W. J. Driver,* Judge; reversed.

*Killough, Lines & Killough,* for appellants.

1. The trial court did not properly make the dis-
tinction between false improvement and malicious prose-
cution. 11 R. C. L. 791-2; 18 *Id.* 11, 12-20, 21; 64 Ark.
453; 32 *Id.* 166. There was no legal prosecution here and
no crime charged. 15 L. R. A. 707; 58 Iowa, 447. See
2 Blackf. 259; 32 Pa. 168; 39 Am. Dec. 124; 30 Pa. 344;
35 S. E. 558; 4 Car. & P. 456; 27 S. E. 680; 36 L. R. A.
(N. S.), 230.

2. It was error to give instruction No. 2. 100 Ark.
320. No. 8 is also error. It was error to refuse No. 8
for defendants. Also to refuse No. 12. See cases *supra.*

3. Neither malice nor want of probable cause were
shown. *Supra.*

*Basil Baker* and *A. B. Shafer,* for appellee; *C. L.
Marsilliot,* of counsel.

1. Defendant's affidavit charged appellee with a se-
rious crime—grand larceny. A clear case of malicious
prosecution is made.

2. There is no error in the instructions given or re-
fused. The verdict is sustained by the evidence. Both

malice and want of probable cause were shown. The advice of a justice of the peace was no defense.

STATEMENT OF FACTS.

This is an action for malicious prosecution brought by Gregory Carey against C. W. Kable and I. N. Deadrick. All of the parties lived at the town of Parkin in Cross County, Arkansas, during the time of the transactions involved in this lawsuit. C. W. Kable was a planter and Prince Jackson, colored, raised a crop on his place during the years 1913, 1914 and 1915. I. N. Deadrick was a ginner and Gregory Carey was a lawyer. In the latter part of the year 1915 there was a dispute between Kable and Jackson as to the amount owed the former by the latter for rent and supplies. Jackson employed Carey to represent him in a settlement with Kable and transferred to Carey his interest in a bale of cotton, grown on the farm of Kable, which was at the gin of Deadrick. A share cropper of Jackson also transferred his interest in the bale of cotton to Carey. Kable forbade Carey and Jackson from taking the cotton away from Deadrick's gin, claiming that he had a lien on it for supplies furnished Jackson during the years 1913 and 1914. Carey moved the bale of cotton from the gin and notified Deadrick and Kable that he had done so and told them what interest he claimed in the bale of cotton. On the 6th day of January, 1916, Kable and Deadrick made an affidavit before a justice of the peace in which they charged that Carey and Jackson did on the 5th day of January, 1916, take one bale of cotton from the platform of the Parkin Gin Company of Parkin, Arkansas, without the permission of I. N. Deadrick and prayed a warrant for the arrest of the said Carey and Jackson. A warrant of arrest was duly issued by the justice of the peace and Carey and Jackson gave bond for their appearance before him. At the examining trial the affidavit was changed to one charging the defendants with grand larceny. At the examining trial before the justice of the peace Carey and Jackson were held to await the action of the grand jury and gave bond

for their appearance in the circuit court. The grand jury ignored the charge against them and they were discharged from custody.

According to the evidence adduced in favor of the plaintiff the affidavit was changed during the examining trial charging the plaintiff with the crime of grand larceny and as changed was read over to the defendants, who at the time were sworn to the affidavit as amended by the justice of the peace. They adopted the signatures they had made to the original affidavit as their signatures to the affidavit as amended.

According to the testimony of the defendants themselves, they did not make oath to the affidavit as amended in which Carey and Jackson were charged with grand larceny. The amendment was made at the suggestion of the deputy prosecuting attorney who was representing the State. They stated that when the matter first came up, they went to the justice of the peace and stated the facts to him with regard to the dispute between themselves and Carey and Jackson; that the justice of the peace advised them that Carey and Jackson had been guilty of trespass, and that they had intended to make an affidavit charging them with trespass; that they merely stated the facts to be in that affidavit, that Carey and Jackson did, on the 5th day of January, 1916, take one bale of cotton from the platform of the Parkin Gin Company at Parkin, Arkansas, without permission of I. N. Deadrick.

Other evidence was introduced by the plaintiff tending to show malice on the part of the defendants in swearing out the warrant against him before the justice of the peace.

On the other hand, testimony was introduced by the defendants tending to show that they were not actuated by malice in instituting the prosecution before the justice of the peace. It will not be necessary to set out this testimony in detail in order to pass upon the assignments of error presented for a reversal of the judgment.

The jury returned a verdict in favor of the plaintiff for the sum of $1,000 and from the judgment rendered the defendants have appealed.

HART, J., (after stating the facts). Counsel for the defendants assign as error the action of the court in refusing to instruct the jury that the defendants could justify their action in instituting the prosecution by showing that they relied in good faith upon the advice of the justice of the peace after making a full and fair disclosure of all the facts to him. The court not only refused to give this instruction but gave the converse of it. The jury were instructed, in effect, that while the fact that the defendants detailed all the facts to the justice, if done in good faith, could not be considered by it as a defense to the action, it was proper to go to the jury as a circumstance tending to show the absence of malice in suing out the warrant for the plaintiff's arrest and in mitigation of damages.

(1)  The court was right in refusing the instruction asked for by the defendants and also in giving the one just referred to for the plaintiff. We have held that proof that defendants acted upon the advice of counsel learned in the law or upon the advice of the public prosecutor given, after a full and fair statement of all the known facts, will be a complete defense to an action for malicious prosecution because it is conclusive evidence of the existence of probable cause. *Price* v. *Morris,* 122 Ark. 382. The reason is, probable cause depends upon the facts and the law. A complainant may know the facts but not the law. Therefore he may obtain advice upon the latter from one learned in the law and be protected though a mistake be made by the legal adviser. Besides attorneys at law are in a sense officers of the court, and upon grounds of public policy, where a complainant has acted upon the advice of competent counsel in good faith, after a full disclosure of all the facts, he should not be mulcted in damages for instituting a prosecution, although the party accused may be innocent of the crime alleged against him. There is, however, no policy

of the law to be served by permitting the complainant to accept and rely upon the opinion and advice of a justice of the peace. It is not the duty of a justice of the peace to advise prospective litigants. They are not usually learned in the law and on that account can not be safe advisers on important legal questions. While the advice of the justice of the peace under such circumstances is not a defense to an action for malicious prosecution, it may be shown in evidence in mitigation of damages and as a circumstance tending to show the absence of malice on the part of the complainant. *Catzen* v. *Belcher*, 64 W. Va. 314, 16 A. & E. Ann. Cas. 715 and case note. Numerous decisions of courts of last resort of the various States are cited in support of the rule laid down. See also Cooley on Torts (3 ed.), vol. 1, pp. 329 and 330.

It is next insisted that the court erred in giving instruction No. 2 at the request of the plaintiff. The instruction reads as follows: "Malice used in these instructions does not necessarily mean hatred, or ill will— that is to say, it is not necessary for the plaintiff to prove that the defendants prosecuted him on account of any hatred or ill will which they bore towards him. Malice, as used here, means any unlawful or improper motive, so that if you find from the evidence that the defendants prosecuted the plaintiff not in good faith and for the purpose of vindicating the law and punishing crime, but on account of some improper or unlawful motive, then you are instructed that the plaintiff has made out a cause of action in this respect. Malice as here used may be inferred from the want of probable cause—that is to say, if the defendants prosecuted the plaintiff without any reasonable or probable cause therefor, you would be justified in concluding that they did it maliciously."

(2) Counsel for the defendants insists that the giving of this instruction constitutes error calling for a reversal of the judgment. In this contention we think counsel are correct. A similar instruction was condemned and held to be reversible error in the case of *L. B. Price Mercantile Co.* v. *Cuilla,* 100 Ark. 316, and in

*Dare* v. *Harper,* 101 Ark. 37.   To justify an action for malicious prosecution, both want of probable cause and malice must be shown.   Where there is want of probable cause, the jury may infer malice, but they can not properly do so if all the facts disclosed lead to a different conclusion.   If the law imputed malice from want of probable cause alone, then there would be no distinct requirement of malice, but want of probable cause would be the sole element necessary.

Counsel for the plaintiff, however, insist that the instruction was not prejudicial because the undisputed facts show that the defendants acted maliciously in procuring the arrest and prosecution of the plaintiff for taking the cotton from the gin lot of Deadrick.   We do not think counsel are correct in this contention.

According to the testimony of the defendants they made a full and fair disclosure of all the facts to the justice of the peace.   They told him about the respective claims of Kable and Carey and Jackson to the bale of cotton.   After they had stated the facts to him the justice of the peace told them that Carey and Jackson had taken property that did not belong to them and that they were guilty of trespass.   They said they did not know what head the charge would come under and acted in good faith on the advice of the justice of the peace, believing that they were signing an affidavit only charging him with taking property that did not belong to him from the gin platform without the permission of Deadrick, who had the cotton in his charge.   It is true it turned out that Carey was not guilty of any crime, but the defendants, according to their testimony, believed him to be guilty of a crime when they made the affidavit to procure a warrant for his arrest, and according to their testimony they acted in good faith and relied upon the opinion and advice of the justice of the peace in aid of their own judgment.   Under these circumstances, it could not be said as a matter of law, that they were guilty of malice in instituting the prosecution against Carey.

　　Again it is insisted by counsel for the defendants that the judgment should be reversed because the original affidavit signed by them did not contain a criminal charge and could not therefore be made the basis of an action for malicious prosecution.

　　In answer to this argument, it is only necessary to say that the plaintiff does not base his action on the original affidavit. It is based entirely on the affidavit as amended in which he claims that the defendants charge him with grand larceny. According to his testimony the defendants made oath to the affidavit after it was changed so as to charge him with grand larceny. He stated in positive terms that the justice of the peace asked them to stand up and be sworn; that the justice read the affidavit to them with the words "grand larceny" in it, that he then asked them if the signatures to the affidavit were their own signatures and that the defendants admitted them to be their own; that in their testimony the defendants charged him with grand larceny by stealing a bale of cotton from the platform of the gin of Deadrick. Therefore the court did not err in this respect.

　　For the error in giving instruction No. 2 at the request of the plaintiff as indicated in the opinion the judgment must be reversed and the cause will be remanded for a new trial.