Kyle COOMBS *v.* HOT SPRINGS VILLAGE PROPERTY OWNERS ASSOCIATION, Hot Springs Village Police Department, Kenneth E. Billingsley, Jon A. Hislip, Henry F. Moore, & A.L. Cornett

CA 05-832                                                   254 S.W.3d 5

Court of Appeals of Arkansas
Opinion delivered March 21, 2007

[Rehearing denied May 2, 2007.]

*T.B. Patterson, Jr., P.A.*, by: *T.B. Patterson, Jr.*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Kyle R. Wilson*, for appellees.

D.P. MARSHALL JR., Judge. Notwithstanding a jury's verdict for Kyle Coombs on his claim of malicious prosecution, the circuit court granted judgment to the Hot Springs Village Property Owners Association, the Village police department, and several Village security officers. Coombs argues that substantial evidence supports the jury's verdict. He asks this court to reverse the judgment *non obstante verdicto* and remand for entry of judgment for him on the verdict. Because Coombs failed to present sufficient evidence to create a jury question on an essential element of his claim — lack of probable cause for the underlying arrest and prosecution, we affirm the circuit court's judgment against Coombs.

*I. The Factual Background.* Hot Springs Village was having trouble with people bumping open and damaging the Cortez gate with their vehicles instead of using the electric key-card entry system. Village security officers set up surveillance of the gate. When the officers saw a pick-up truck bump the gate one evening, they arrested Lance Cosby and Kyle Coombs, the driver and passenger in the truck. Cosby and Coombs were charged with felony criminal mischief in the second degree. This charge was *nolle prossed*, however, because the Association did not provide documents to the prosecutor about the extent of damage to the gate. At what the deputy prosecutor described as the insistence of

the Village chief of police, she re-filed the criminal-mischief charge, this time as a misdemeanor. The municipal court acquitted Cosby and Coombs.

Coombs then sued the Hot Springs Village Property Owners Association, the Village police department, and four Village security officers for malicious prosecution, other torts, and breach of contract.[1] This is the second appeal on Coombs's claims. In *Coombs I*, we reversed the circuit court's order refusing to grant Coombs a nonsuit and entering summary judgment against him. *Coombs v. Hot Springs Village Property Owners Assn.*, 75 Ark. App. 364, 57 S.W.3d 772 (2001). Coombs eventually re-filed his case, and this appeal comes from the final judgment.

*II. The Governing Law.* The circuit court should not have granted the JNOV unless there was no substantial evidence to support the jury's verdict and the Village and its police officers were entitled to judgment as a matter of law. *Tomlin v. Wal-Mart Stores, Inc.*, 81 Ark. App. 198, 201, 100 S.W.3d 57, 59 (2003). Substantial evidence compels a conclusion, forcing the mind beyond conjecture. *Ibid.* "On appeal we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to [Coombs]." *Ibid.* Further, to insure that no court invades the jury's province, we distill the record and consider only the evidence supporting the jury's verdict for Coombs. *Wheeler Motor Co., Inc. v. Roth*, 315 Ark. 318, 323, 867 S.W.2d 446, 448 (1993). In evaluating a judgment notwithstanding the verdict, neither we nor the circuit court is permitted to weigh all the evidence. *Ibid.*

Our law of malicious prosecution is well-settled. *E.g., South Arkansas Petroleum Co. v. Schiesser*, 343 Ark. 492, 495, 36 S.W.3d 317, 319 (2001) (elements). There was no dispute that the underlying prosecution for criminal mischief was resolved in Coombs's favor. The fighting issues here were probable cause, malice, and Coombs's alleged damages. Because we decide the case on probable cause, we do not reach the other issues.

"Probable cause for prosecution must be based upon the existence of facts or credible information that would induce the

---

[1] The Village is not a municipality. The security officers, however, had been deputized by the Garland County Sheriff. Ark. Code Ann. § 14-15-503 (Repl. 1998). No party has argued any immunity issues. *Compare* Ark. Code Ann. § 21-9-301 (Supp. 2005) and *Autry v. Lawrence*, 286 Ark. 501, 696 S.W.2d 315 (1985).

person of ordinary caution to believe the accused person to be guilty of the crime for which he is charged." *Wal-Mart Stores, Inc. v. Binns*, 341 Ark. 157, 163, 15 S.W.3d 320, 324 (2000) (quotation omitted). Because ordinary caution is a matter of reasonableness, it is generally for the jury to decide; where the facts relied upon to establish probable cause are undisputed, however, "the question of whether probable cause exists is one for the courts." *Ibid.* If the Association and its officers "believed and had grounds for entertaining honest and strong suspicion that [Coombs] was guilty of [criminal mischief]," then they were entitled to either a directed verdict or judgment notwithstanding the verdict. *Binns*, 341 Ark. at 163, 15 S.W.3d at 324.

Our Code defines criminal mischief in the second degree in these terms:

(a) A person commits criminal mischief in the second degree if he:

(1) Recklessly destroys or damages any property of another; or

(2) Purposely tampers with any property of another, thereby causing substantial inconvenience to the owner or some other person.

(b)(1) Criminal mischief in the second degree is a Class D felony if the amount of actual damage is two thousand five hundred dollars ($2,500) or more.

(2) Criminal mischief in the second degree is a Class A misdemeanor if the amount of actual damage is one thousand dollars ($1,000) but less than two thousand five hundred dollars ($2,500).

(3) Otherwise, it is a Class B misdemeanor.

Ark. Code Ann. § 5-38-204 (Repl. 1997).

■ *III. The Record From Coombs's Perspective.* The parties presented conflicting testimony on almost every point. According to Coombs and Cosby, however, here is what happened at the Cortez gate. We state and apply the facts in this way to follow our standard of review and our precedent about malicious prosecution. If the police officers saw what Coombs and Cosby said happened, and on that basis had grounds for an honest and strong suspicion that the two men had recklessly damaged or purposely tampered with the gate, then probable cause existed as a matter of law for the

prosecution. *Schiesser*, 343 Ark. at 449, 36 S.W.3d at 321; *Binns*, 341 Ark. at 163, 15 S.W.3d at 324.

Coombs and Cosby had been in the Village doing construction work. They entered in the morning using a key-card that belonged to Coombs because he owned a lot in the Village. At the end of the day, they headed home. As they approached the Cortez gate, Cosby slowed the pick-up truck so that it was rolling gently but did not stop. As Cosby was retrieving the key-card, he dropped it. He and Coombs both fumbled around the truck's cab looking for the card. As they did so, the truck rolled into the gate and bumped it open. Cosby testified that the gate was knocked open about two to four feet. Coombs testified it was knocked open about six inches to one foot. Coombs got out and pulled the gate shut or almost shut. Coombs testified that he was 100% positive he did not damage the gate and that some damage from the truck was possible. Cosby did not think Coombs damaged the gate, and testified that a broken shear pin was the only damage done when the truck hit the gate.

At this point, the officers revealed themselves and arrested Coombs and Cosby. Cosby told one of the officers that they had bumped into the gate while looking for the key-card. No one found the card in the truck at the scene. Later that night, Coombs returned to the gate and it was standing open. During the next several days, he, Cosby, and their family members observed the gate opening and closing without any problem. According to Coombs, he found the key-card under the seat of the pick-up truck a few days after the arrest.

■ *IV. Analysis.* On these facts, which we must take as undisputed for purposes of evaluating the JNOV, the circuit court ruled correctly. When the Village officers saw what Coombs and Cosby say happened at the Cortez gate, the officers were justified in having an honest and strong suspicion that Coombs and Cosby were guilty of criminal mischief. *Binns*, 341 Ark. at 163, 15 S.W.3d at 324. The governing legal standard does not require perfection; it requires ordinary caution. *Schiesser*, 343 Ark. at 499, 36 S.W.3d at 321; *Binns*, 341 Ark. at 163, 15 S.W.3d at 324. Though not controlling in the civil context, because we are considering an arrest, our analysis of probable cause in the criminal context is illuminating: "Our courts have committed themselves to the reasonable, common-sense approach to these determinations and arrests are to be appraised from the viewpoint of prudent and

cautious police officers at the time an arrest is made." *Gass v. State,* 17 Ark. App. 176, 183, 706 S.W.2d 397, 01–02 (1986). From any legal vantage point, these officers had probable cause.

██ What about damage to the gate? Coombs argues, as he did below, that he could not damage a steel gate with his bare hands. His point, however, does not make any legal difference. Coombs testified that he was a passenger when the driver bumped the gate with the truck. It was therefore reasonable for the officers to view Coombs as an accomplice to any criminal mischief involved. *Clark v. State,* 358 Ark. 469, 476, 192 S.W.3d 248, 253 (2004). Coombs testified that it was possible the truck damaged the gate and Cosby testified it did so. This is enough proof of some damage to support probable cause. Moreover, even without any damage, purposeful tampering with another's property that causes substantial inconvenience satisfies the criminal-mischief statute. Ark. Code Ann. § 5-38-204(a)(2).

Even if we assume that there was no damage to the gate from him or the truck, as Coombs also argues, the record demonstrates that the officers had probable cause to arrest Coombs and Cosby for *attempted* criminal mischief. A person commits an attempt when, with the required state of mind, he takes a "substantial step in a course of conduct intended or known to cause a particular result." Ark. Code Ann. § 5-3-201(b) (Repl. 2006). Attempt is a lesser-included offense. Ark. Code Ann. § 5-1-110(b)(2) (Repl. 2006). Giving full credence to Coombs's and Cosby's testimony, the officers saw the truck bump the gate and saw Coombs move the gate. This conduct gave the officers probable cause to believe that the men had taken substantial steps in a course of conduct designed to damage the gate. Actual damage need not have occurred.

██ Coombs argues further that, based on what he and Cosby said happened, no probable cause existed to charge them, as the Village officers did, with *felony* criminal mischief. The statute classifies the offense based on the amount of "actual damage" to the property: more than $2,500.00 of damage is a Class D felony; between $1,000.00 and $2,500.00 is a Class A misdemeanor; and "otherwise" the crime is a Class B misdemeanor. Ark. Code Ann. § 5-38-204(b)(1) – (3). If we consider only the evidence that supports the verdict, as we must, the arresting officers made a mistake about the amount of damage the incident caused to the gate. But a mistake does not erase an honest and strong suspicion

based on reasonable grounds that a crime has been committed. *Binns*, 341 Ark. at 163, 15 S.W.3d at 324. The statutory standard — "actual damage" — is a matter for proof about dollars and cents at trial, not a yardstick for measuring whether the officers used ordinary caution during this incident. As Rule of Criminal Procedure 4.1(c) makes plain, an officer's inability to determine the particular offense which may have been committed does not undermine cause for an arrest. The officers' mistake about the dollar value of the damage thus does not constitute substantial evidence that they lacked probable cause to arrest and charge Coombs and Cosby with criminal mischief.

█ Coombs points out his testimony and Cosby's that, during the arrest, the officers said things like "we're going to make an example out of you two," "I've got you," and "you're going to pay for everything that's been done to this gate before." The officers disputed making these comments, but we credit Coombs's and Cosby's testimony given the posture of the case. The officers' comment about making Coombs and Cosby pay for prior damage to the gate is some evidence of an improper motive. This evidence, however, goes to the malice element of malicious prosecution. This evidence does not undermine the probable cause that existed to arrest Coombs and Cosby for criminal mischief when the officers saw the men's truck hit the gate.

█ As Coombs points out, this case is not just about the arrest. Continuation of a prosecution in the face of facts that undermine probable cause can support a malicious-prosecution claim too. *Wal-Mart Stores, Inc. v. Yarbrough*, 284 Ark. 345, 349, 681 S.W.2d 359, 362 (1984); AMI Civil 2006, No. 413. We are persuaded, however, that there is no substantial evidence that would justify the conclusion that the case was continued without probable cause.

It is undisputed that the deputy prosecutor *nolle prossed* the original felony charge because the Association failed to provide evidence of more than $2,500.00 of damage to the gate. This step shows the court system working as it should; it would be speculation to jump from the Village's omission to the conclusion that probable cause for any charge of criminal mischief was lacking. Coombs emphasizes the Association's insistence, through the Village chief of police, that the charge be re-filed. But when any citizen believes a crime has been committed, the citizen should

make himself heard at the prosecutor's office. It was undisputed, moreover, that there was nothing unusual about this deputy prosecutor conferring with officers when deciding whether to re-file charges.

Finally, Coombs points out that the deputy prosecutor based her decision to re-file the charges in part on the Village officers' report, which stated that Cosby admitted at the scene that he tried to force the gate open with his truck. Coombs argues that this variance from what he and Cosby said happened that evening undermines the continuation of the prosecution because the officer later acknowledged that Cosby did not use the word "force." We disagree. There is no question that Cosby's alleged admission — which we may not and do not consider in evaluating the JNOV — made the prosecution's case for criminal mischief stronger. But there is also no question that, as we have held, when the officers saw what Coombs and Cosby testified happened that night at the Cortez gate, probable cause existed to arrest and charge the two men with criminal mischief. We find nothing in this record constituting substantial evidence that the original probable cause was later undermined by the developing facts but the prosecution continued nonetheless.

*V. Conclusion.* We affirm the circuit court's entry of judgment notwithstanding the jury's verdict. No substantial evidence exists that Coombs was arrested or prosecuted without probable cause. Coombs argues several other points on appeal. He asks us to consider them, however, only if we reverse the JNOV and remand for a new trial. Because we affirm, we do not reach his conditional arguments about the circuit court's entry of summary judgment on his other claims and various evidentiary rulings.

Affirmed.

HART and HEFFLEY, JJ., agree.