

# NUMBER 13-12-00700-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE OLD AMERICAN COUNTY MUTUAL
## FIRE INSURANCE COMPANY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Justices Rodriguez, Garza, and Longoria
## Memorandum Opinion by Justice Rodriguez[1]

Relator, Old American County Mutual Fire Insurance Company ("Old American"), seeks a writ of mandamus compelling the trial court to: (1) vacate its "Order Denying Defendant's Motion to Sever and Abate Breach of Contract and Extra-Contractual Claims," and (2) sever and abate the extra-contractual claims against it in an uninsured

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

motorist case until the seminal breach of contract case has been determined. We conditionally grant mandamus relief.

## I. BACKGROUND

The underlying lawsuit arose from a motor vehicle accident involving plaintiff Rosa M. Silva and the uninsured driver of another vehicle, Audrey Jade Ramirez. Ramirez is not a party to these proceedings. Silva was traveling eastbound on State Highway 107 in Weslaco, Texas, accompanied by minors Vanessa Silva, Jose Silva, and Diego Silva, when Ramirez struck her vehicle from the rear. Silva, individually and on behalf of the minor plaintiffs, brought suit against her insurer, Old American, for uninsured motorist benefits pursuant to a standard automobile policy she had purchased from Old American. Silva alleged causes of action for breach of contract and extra-contractual claims for violation of the Texas Insurance Code and violation of the duty of good faith and fair dealing.

Old American filed a motion to sever and abate the plaintiffs' extra-contractual claims from the underlying claim for uninsured motorist benefits. According to Old American's motion, the plaintiffs cannot bring an extra-contractual damage claim until Old American's contractual liability has been determined, and, any separate and distinct causes of action must be severed. Old American argued that severance and abatement is mandatory to prevent prejudice, unnecessary litigation, and discovery quagmires.

The plaintiffs filed a response to the motion to sever. The plaintiffs contended that the motion to sever was premature because they were "in the process of preparing a motion for summary judgment in which Defendant's liability for breach of contract will be established as a matter of law" and that severance and abatement was improper

2

because Old American had not offered to settle the case. Plaintiffs contended that Old American sought to delay the case and suggested that bifurcation of the trial, rather than severance and abatement, would be the appropriate remedy for Old American's alleged problems.

After a non-evidentiary hearing, the trial court took the matter under advisement. The record before the Court does not include the reporter's record of this hearing. Old American has certified that no testimony or evidence was received at the hearing on the motion to sever and abate. *See* TEX. R. APP. P. 52.7(a)(2) (requiring relator to furnish a transcript of any relevant testimony and exhibits from any underlying proceeding or a "statement that no testimony was adduced in connection with the matter complained"). The trial court ultimately denied the motion to sever and abate. The record does not reflect a ruling on the plaintiffs' request for bifurcation.

This original proceeding ensued. In conjunction with its petition for writ of mandamus, Old American filed a motion for temporary relief seeking to stay the trial court proceedings pending resolution of this original proceeding. The Court granted the motion for temporary relief and requested a response to the petition for writ of mandamus from the real parties in interest. Old American filed supplements to its petition for writ of mandamus and the mandamus record. The real parties in interest have filed their response to the petition for writ of mandamus, and Old American has filed a reply thereto.

By one issue, Old American contends that the trial court abused its discretion in refusing to sever and abate the plaintiffs' extra-contractual claims from the underlying contractual uninsured motorist claims. Citing *Brainard v. Trinity Universal Insurance*

3

*Co.*, Old American contends that it has no contractual duty to pay benefits until the plaintiffs obtain a judgment establishing the liability and the underinsured status of the other motorist. 216 S.W.3d 809, 818 (Tex. 2006). Old American asserts that plaintiffs have not obtained such a judgment, and therefore, Old American currently has no contractual duty to pay their uninsured motorist claims. Old American argues that severance is required for these unripe claims because the trial court lacks jurisdiction over them and, further, because manifest injustice would occur if the contractual and extra-contractual claims were tried together. Old American also asserts that the extra contractual claims "are at best premature, and the resources of the parties and the trial court should not be expended on claims that may never become viable, or which may become moot based on the outcome of the trial of the [uninsured motorist] claim."

## II. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, Old American must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., LP*, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.'" *Liberty Nat'l First Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840).

4

In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). Appeal is an inadequate remedy when a trial court's failure to sever contractual and extra-contractual claims constitutes an abuse of discretion. *In re Allstate Ins. Co.*, 232 S.W.3d 340, 342 (Tex. App.—Tyler 2007, orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136; *In re Allstate Tex. Lloyds*, 202 S.W.3d 895, 896 (Tex. App.—Corpus Christi 2006, orig. proceeding).

### III. SEVERANCE OF CONTRACTUAL AND EXTRA-CONTRACTUAL CLAIMS

Severance is governed by Texas Rule of Civil Procedure 41. *See* TEX. R. CIV. P. 41. Rule 41 provides, in part, that "[a]ctions which have been improperly joined may be severed . . . on such terms as are just. Any claim against a party may be severed and proceeded with separately." *Id.* Claims are properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). The controlling reasons for a severance are to do justice, avoid prejudice, and promote convenience. *F.F.P. Op. Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007).

The trial court has "broad" discretion in the severance of causes of action. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 734 (Tex. 1984); *Black v. Smith*, 956 S.W.2d 72, 75 (Tex. App.—Houston [14th Dist.] 1997, orig. proceeding). However, that discretion is not unlimited. *See In re Gen. Agents Ins. Co. of Am., Inc.*, 254 S.W.3d

5

670, 673–74 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). The trial court has a duty to order severance when "all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby." *Womack v. Berry*, 291 S.W.2d 677, 682–83 (Tex. 1956) (orig. proceeding).

In *Liberty National Fire Insurance Co. v. Akin*, the Texas Supreme Court considered whether or not severance was required in a case involving breach of contract and extra-contractual claims against an insurer. 927 S.W.2d at 628. In refusing to grant mandamus relief, the supreme court rejected "an inflexible rule that would deny the trial court all discretion and . . . require severance in every case [involving bad-faith insurance claims], regardless of the likelihood of prejudice." *See id.* Ultimately, the court concluded that the contractual and extra-contractual claims were interwoven, with most evidence admissible on both claims, and that any prejudicial effect could be ameliorated by appropriate limiting instructions. *Id.*

> A severance may nevertheless be necessary in some bad faith cases. A trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. One example would be when the insurer has made a settlement offer on the disputed contract claim. As we have noted, some courts have concluded that the insurer would be unfairly prejudiced by having to defend the contract claim at the same time and before the same jury that would consider evidence that the insurer had offered to settle the entire dispute. While we concur with these decisions, we hasten to add that evidence of this sort simply does not exist in this case. In the absence of a settlement offer on the entire contract claim, or other compelling circumstances, severance is not required.

6

*Id.* (internal citations omitted); *see also In re Miller*, 202 S.W.3d 922, 925–26 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]); *In re Trinity Universal Ins. Co.*, 64 S.W.3d 463, 468 (Tex. App.—Amarillo 2001, orig. proceeding [mand. denied]).  In some instances, parties have sought bifurcation of the contractual claims from the bad faith claims as an alternative to severance.  *See In re Travelers Lloyds of Tex. Ins. Co.*, 273 S.W.3d 368, 373–75 (Tex. App.—San Antonio 2008, orig. proceeding; *In re Allstate Cnty. Mut. Ins. Co.*, 209 S.W.3d 742, 746–47 (Tex. App.—Tyler 2006, orig. proceeding); *In re Allstate Tex. Lloyds*, 202 S.W.3d at 900.

Several courts of appeals, including this Court, have recently considered the issues of severance and abatement in the context of uninsured motorist or underinsured motorist insurance coverage and have concluded that severance of these claims may be required.  *See In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d 429, ___ (Tex. App.—Austin 2012, orig. proceeding); *In re Reynolds*, 369 S.W.3d 638, 650–55 (Tex. App.—Tyler 2012, orig. proceeding); *In re United Fire Lloyds*, 327 S.W.3d 250, 257 (Tex. App.—San Antonio 2010, orig. proceeding); *see also In re Old Am. Cnty. Mut. Fire Ins. Co.*, No. 13-11-00412-CV, 2012 Tex. App. LEXIS 1293, at **13–14 (Tex. App.—Corpus Christi Feb. 16, 2012, orig. proceeding); *In re Farmers Tex. Cnty. Mut. Ins. Co.*, No. 07-11-00396-CV, 2011 Tex. App. LEXIS 8190, at **2–3 (Tex. App.—Amarillo Oct. 17, 2011, orig. proceeding) (op.).  The San Antonio Court of Appeals explained its determination that mandamus relief was proper to compel severance and abatement of an underinsured motorist claim from related bad faith claims as follows:

> [We] hold that United Fire is under no contractual duty to pay UIM benefits until Garcia establishes the liability and underinsured status of the other motorist.  Therefore, United Fire should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and

7

> conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits. To require such would not do justice, avoid prejudice, and further convenience. Under these circumstances, we conclude the trial court abused its discretion in bifurcating the case instead of severing and abating the UIM claim from the bad faith claims.

*In re United Fire Lloyds*, 327 S.W.3d at 257.[2] The court concluded that United Fire did not have an adequate remedy by appeal because if mandamus were not granted, it stood to lose substantial rights by being required to prepare for claims that might be rendered moot and may have not even yet accrued. *See id.* (citing *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d. 668, 675 (Tex. App—Houston [1st Dist.] 1993, orig. proceeding); *In re Trinity Universal Ins. Co.*, 64 S.W.3d at 468).

We agree with Old American that Texas case law establishes that severance and abatement of extra-contractual claims is required in many instances in which an insured asserts a claim to uninsured or underinsured motorist benefits. *See In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d at ___; *In re Reynolds*, 369 S.W.3d at 650–55; *In re United Fire Lloyds*, 327 S.W.3d at 257; *see also In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2012 Tex. App. LEXIS 1293, at **13–14; *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 2011 Tex. App. LEXIS 8190, at **2–3. In the instant case, to prevail on their extra-contractual claims against Old American, plaintiffs must first demonstrate that Old American was contractually obligated to pay their uninsured motorist claim. To do this, the plaintiffs must first prove that they had uninsured motorist coverage, that Silva, the other driver, negligently caused the accident and was uninsured, and the amount of their damages.

---

[2] In so holding, the San Antonio Court of Appeals relied on the Texas Supreme Court's reasoning in *Brainard v. Trinity Universal Insurance Co.*, 216 SW.3d 809 (Tex. 2006), but acknowledged that *Brainard* involved a determination regarding when presentment of a contract claim was made in order to determine whether a party was entitled to attorney's fees in accordance with Chapter 38 of the Texas Civil Practice and Remedies Code, rather than severance and abatement in the context of a uninsured motorist claim. *See In re United Fire Lloyds*, 327 S.W.3d 250, 257 (Tex. App.—San Antonio 2010, orig. proceeding) (discussing *Brainard*, 216 S.W.3d at 818).

8

*See In re Reynolds*, 368 S.W.3d at 652.  Old American should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith and other extra-contractual claims that could be rendered moot by the portion of the trial relating to breach of contract for uninsured motorist benefits.  *See In re United Fire Lloyds*, 327 S.W.3d at 257.  Based on our review of the record, we conclude that the plaintiffs' extra-contractual claims against Old American are severable, the facts and circumstances of the case require a severance to prevent manifest injustice, there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will be not prejudiced thereby.  *See Womack*, 291 S.W.2d at 683.  Under the circumstances presented in this case, the trial court abused its discretion in refusing to sever and abate the uninsured motorist claims from the bad faith claims pending the determination of Old American's liability for the uninsured motorist damages under the policy.  *See In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d at ___; *In re Reynolds*, 369 S.W.3d at 650–55; *In re United Fire Lloyds*, 327 S.W.3d at 257; *see also In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2012 Tex. App. LEXIS 1293, at **13–14; *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 2011 Tex. App. LEXIS 8190, at **2–3.  Accordingly, we sustain Old American's sole issue.

## IV. CONCLUSION

We conclude the trial court abused its discretion in denying Old American's motion to sever and abate the plaintiffs' extra-contractual claims.  Accordingly, we lift the stay previously imposed in this case and we conditionally grant the petition for writ of mandamus.  The trial court is ordered to vacate the October 17, 2012 "Order Denying Defendant's Motion to Sever and Abate Breach of contract and Extra-Contractual

9

Claims," and to grant "Defendants' Motion to Sever and Abate Breach of Contract and Extra-Contractual Claims."  The writ will issue only if the trial court fails to comply.


NELDA V. RODRIGUEZ
Justice

Delivered and filed the 30th
day of January, 2013.