WAL-MART STORES, INC. *v.* Bobby WILLIAMS

CA 99-1516                                   29 S.W.3d 754

Court of Appeals of Arkansas
Division II
Opinion delivered October 25, 2000
[Petition for rehearing denied November 29, 2000.]

*Barrett & Deacon*, by: *D.P. Marshall, Jr.*, *Jim D. Bradbury*, and *Jennifer S. Cameron*, for appellant.

*Easley, Hicky & Hudson*, by: *Ann B. Hudson*, for appellee.

JOHN MAUZY PITTMAN, Judge. This is an appeal from a $75,000 jury verdict for appellee, Bobby Williams, in a malicious-prosecution action against appellant, Wal-Mart Stores, Inc. Because the jury's verdict is supported by substantial evidence, we affirm.

On January 29, 1994, appellee went shopping at appellant's Wynne store. Appellee testified at trial that he intended to buy two tires and to have the oil in his truck changed; because the store was so crowded, however, he decided to get the necessary items there and have the services done at another location. Appellee said that he did not get a shopping cart because the store was so crowded; instead, an employee of appellant gave him permission to put the items he intended to purchase in a shopping bag. He stated that he did so, with the exception of a can of motor oil, which he carried in his hand. Appellee testified that he realized he needed to go outside to check the size of his tires; however, he had only one check and did not have enough money to pay cash for the items in his hands. He said that the person behind the counter gave him

permission to check his tires outside and to pay for everything when he came back inside; this individual also unlocked the side door with a key to enable him to go outside. While he was kneeling down to check his tires, according to appellee, he was told by Kathy Robertson, appellant's security guard, that he was under arrest for shoplifting.

Ms. Robertson took appellee to a room to inventory the items she suspected him of shoplifting. Appellee testified that he tried more than once to explain his actions to Ms. Robertson without success; she told him that she did not want to hear it. Appellee also said that he asked Ms. Robertson to bring the automotive-department employees in so that he could identify the individual who let him outside but that she refused to do so. Ms. Robertson admitted at trial that nothing appellee could have said would have made any difference in her decision to prosecute him, because she does not listen to such explanations and makes her decision to prosecute without regard to what the accused shoplifter says. The store manager, Wayne Allen, who also came into the room where Ms. Robertson brought appellee, responded to appellee's attempts to explain by stating that he had nothing to do with the matter; he also admitted at trial that an explanation would not have helped appellee to avoid prosecution. The police arrested appellee on the strength of an affidavit signed by Ms. Robertson. This affidavit made no mention of appellee's explanation or the fact that other employees might have been able to corroborate his version of the events. At his trial for shoplifting, appellee was acquitted.

■ Appellant argues that the trial judge should have granted its motions for directed verdict and for judgment notwithstanding the verdict. A motion for directed verdict is a challenge to the sufficiency of the evidence. *Sparks Regional Med. Ctr. v. Smith*, 63 Ark. App. 131, 976 S.W.2d 396 (1998). When reviewing the denial of a motion for directed verdict, we affirm if the jury's verdict is supported by substantial evidence. *Wal-Mart Stores, Inc. v. Binns*, 341 Ark. 157, 15 S.W.3d 320 (2000). The same standard applies when we review the denial of a motion for judgment notwithstanding the verdict. *Home Mut. Fire Ins. Co. v. Jones*, 63 Ark. App. 221, 977 S.W.2d 12 (1998). Substantial evidence is evidence that is of sufficient certainty and precision to compel a conclusion one way or another, forcing or inducing the mind to pass beyond suspicion or conjecture. *Id.* On appeal, only the evidence favorable to the

appellee, and all reasonable inferences therefrom, will be considered. *Id.* In reviewing the evidence, the weight and value to be given the testimony of the witnesses is a matter within the exclusive province of the jury. *Rathbun v. Ward*, 315 Ark. 264, 866 S.W.2d 403 (1993). The appellate court does not try issues of fact. *City of Caddo Valley v. George*, 340 Ark. 203, 9 S.W.3d 481 (2000).

The essential elements of malicious prosecution are: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages. *McLaughlin v. Cox*, 324 Ark. 361, 922 S.W.2d 327 (1996). Appellant contends that appellee failed to prove the absence of probable cause or that appellant acted with malice.

The test for determining probable cause is an objective one based not upon the accused's actual guilt, but upon the existence of facts or credible information that would induce a person of ordinary caution to believe the accused to be guilty. *Kroger Co. v. Standard*, 283 Ark. 44, 670 S.W.2d 803 (1984). Ordinary caution is a standard of reasonableness that presents an issue for the jury when the proof is in dispute or is subject to different interpretations. *Parker v. Brush*, 276 Ark. 437, 637 S.W.2d 539 (1982). *Accord Wal-Mart Stores, Inc. v. Binns, supra; Cordes v. Outdoor Living Ctr., Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989); *Kroger Co. v. Standard, supra.* Relevant to whether appellant exercised ordinary caution is the presumption created by Ark. Code Ann. § 5-36-102(b) (1987). It provides:

> The knowing concealment, upon his person or the person of another, of unpurchased goods or merchandise offered for sale by any store or other business establishment shall give rise to a presumption that the actor took goods with the purpose of depriving the owner, or another person having an interest therein.

Rule 301 of the Arkansas Rules of Evidence provides that "a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence." Appellant asserts that section 5-36-102(b) establishes probable cause as a matter of law. Appellant also contends that, with or without permission, appellee's placing of the items in the bag amounted to "knowing concealment" under

the statute. Appellee argues that he cannot be said to have know-ingly concealed merchandise when he obtained permission from the clerk to put the items in the bag and, therefore, this presumption did not arise. We need not, however, decide that question. Even if this presumption arises, it is not conclusive, and it does not, as appellant argues, establish probable cause as a matter of law.

The existence of probable cause is determined by an examination of the information known to the defendant at the time the proceedings were instituted. *First Commercial Bank v. Kremer*, 292 Ark. 82, 728 S.W.2d 172 (1987). Where a defendant relied on an eyewitness statement, but was also in possession of contradictory facts, the jury should be allowed to consider all the evidence available to the defendant to determine if ordinary caution was exercised in bringing the charges. *Id.* "To hold otherwise would allow the defendant to avoid the jury's scrutiny of evidence known which could make prosecution unreasonable." *Id.* at 90, 728 S.W.2d at 176. Here, Ms. Robertson was aware of facts that contradicted her observations — appellee told her that an employee had given him permission to go outside with the items to check his tires and let him outside through a locked door. It is obvious that the jury believed appellee's testimony and did not believe that Ms. Robertson, acting for appellant, acted with ordinary caution. It is within the jury's province to believe or disbelieve a witness's testimony and to determine the weight, if any, to accord it. *Allred v. Demuth*, 319 Ark. 62, 890 S.W.2d 578 (1994).

As for appellant's policy of automatically prosecuting suspected shoplifters without regard to their explanations, the following discussion from *Wal-Mart Stores, Inc. v. Yarbrough*, 284 Ark. 345, 349, 681 S.W.2d 359, 362 (1984), bears consideration:

> Assistant Manager Caudle testified he was able to see the pen at all times during the period he was observing the Appellee. The shoplifting presumption did not arise there and thus, the Appellee did not have to overcome the burden imposed by Rule 301. The appellant did have probable cause for the initial stop of the Appellee to question her with respect to the pen. However, it can not be held, as a matter of law, that the Appellant thereafter exercised ordinary caution in these circumstances. Once the decision to stop was made, the prosecution of Appellee was automatic, according to Appellant. There was no effort made to listen to, or believe, the explanation proffered by Appellee because there was nothing she

could have said that could have changed the Appellant's decision to prosecute. And additionally, the Appellant continued with the prosecution after the recommendation was made by the City Attorney that the action be dismissed.

While those facts, as were all others, were undisputed, they were susceptible to different inferences. The submission of the issues of false imprisonment and malicious prosecution to the jury was entirely appropriate in these circumstances. *Kroger Co. v. Standard*, 283 Ark. at page 47.

■ ■ As we see it, the relevant question is not whether there was probable cause to stop and question appellee; as appellant points out, even appellee understood how Ms. Robertson could have found his actions suspicious at first. Rather, the crucial question is whether appellant had probable cause to initiate and continue with the prosecution of appellee for shoplifting. The jury obviously believed appellee's testimony that he informed Ms. Robertson that he had been allowed to go outside by an automotive-department employee to check his tires and that he had asked her to produce the employees of that department to validate his version of what happened. Ms. Robertson admitted that she refused to permit appellee to make any explanation and that nothing he said would have made any difference in her decision to prosecute. Even if viewed in light of the shoplifting presumption and Rule 301, appellee's testimony was substantial evidence that appellant failed to exercise the ordinary caution exhibited by the reasonably prudent merchant. *See Kroger Co. v. Standard, supra.* The trial judge may decide, as a matter of law, whether ordinary caution exists only when the facts and the reasonable inferences from those facts are undisputed. *Id.* Thus, the trial judge properly submitted the issue of probable cause to the jury.

■ ■ Appellant also contends that appellee failed to prove that it acted with malice. Malice has been defined as any improper or sinister motive for instituting the suit. *Cordes v. Outdoor Living Ctr., Inc., supra.* Malice need not spring from any spirit of malevolence nor be prompted by any malignant passion. *Foster v. Pitts*, 63 Ark. 387, 38 S.W. 1114 (1897). Malice may be inferred from lack of probable cause. *Cordes v. Outdoor Living Ctr., Inc., supra.* It is true that a defendant's annual loss from shoplifting is relevant evidence as to his state of mind and tends to show lack of malice. *Reynolds v. Holmes*, 232 Ark. 783, 340 S.W.2d 383 (1960). However, Ms.

Robertson testified that she would lose her job if she made a "bad stop" for shoplifting and that she alone made the decision to prosecute appellee. Appellee, therefore, presented sufficient evidence of an improper motive to send this question to the jury.

Affirmed.

HART and MEADS, JJ., agree.