
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-15-726

| | |
|---|---|
| GREGORY TAYLOR<br><br>APPELLANT<br><br>V.<br><br>WOODY DOSS, GREGORY CLARK, CHRIS MITCHELL, AND TYSON FOODS, INC.<br><br>APPELLEES | **Opinion Delivered** May 25, 2016<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. CV-2014-1820-6]<br><br>HONORABLE CRISTI BEAUMONT, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

On February 6, 2012, an ammonia leak at a Tyson Foods plant in Springdale, Arkansas, where appellant Gregory Taylor was employed, caused a plant evacuation. Following an internal investigation of the leak, Tyson management concluded that Taylor and coemployee Daniel Patrick were involved in causing the leak. Tyson terminated Taylor and Patrick, and they were subsequently charged by the Washington County Deputy Prosecutor with second-degree criminal mischief and ten counts of third-degree battery committed against ten Tyson employees who were exposed to the ammonia. Four months later, the criminal charges against Taylor and Patrick were dismissed by an order of nolle prosequi.

In October 2014, Taylor filed a civil complaint alleging malicious prosecution against appellees, Tyson Foods, Inc., and its employees Woody Doss, Gregory Clark, and Chris Mitchell. Appellees moved for summary judgment, and the Circuit Court of Washington

`

County entered an order granting the motion. Taylor appeals, contending that summary judgment was entered in error because there are material facts in dispute. We affirm.

The facts and procedural history of this case are summarized in detail in its companion case, *Patrick v. Tyson Foods, Inc.,* 2016 Ark. App. 221, ___ S.W.3d ___, handed down April 20, 2016.[1] As in *Patrick*, the trial court granted appellees' motion for summary judgment dismissing the malicious-prosecution complaint finding that (1) there was probable cause to issue the warrant; (2) there was no evidence of malice; and (3) appellees were entitled to the advice-of-counsel defense because they made a full, fair, and truthful disclosure of all facts known to them, including the security video, to competent counsel/prosecuting attorney.

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Sawada v. Wal-Mart Stores, Inc.*, 2015 Ark. App. 549, at 3, 473 S.W.3d 60, 63. Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.*, 473 S.W.3d at 63. On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id.*, 473 S.W.3d at 63. This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*, 473 S.W.3d at 63. Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. *Id.*, 473

---

[1] In *Patrick*, we affirmed the trial court's order of summary judgment dismissing Patrick's complaint that alleged causes of action for malicious prosecution, defamation, and the tort of outrage. 2016 Ark. App. 221, ___ S.W.3d ___.

S.W.3d at 63. After reviewing undisputed facts, summary judgment should be denied if, under

the evidence, reasonable men might reach different conclusions from those undisputed facts.

*Id.* at 4, 473 S.W.3d at 63.

To establish a claim for malicious prosecution, a plaintiff must prove (1) a judicial

proceeding instituted or continued by the defendant against the plaintiff; (2) termination of

the proceeding in favor of the plaintiff; (3) lack of probable cause for the proceeding; (4)

malice on the part of the defendant; and (5) damages. *Sawada*, 2015 Ark. App. 549, at 4, 473

S.W.3d at 63–64.

On appeal, Taylor argues that the trial court erred in entering summary judgment on

his malicious-prosecution complaint because genuine issues of material fact exist. Specifically,

he argues that there are "hotly contested fact questions" on the issues of probable cause and

malice and on the advice-of-counsel defense because Tyson's internal report falsely stated that

the security video showed he committed crimes. For example, he contends that the report

falsely stated that the video showed (1) Patrick moving behind a support column to hide from

view of the camera; (2) Patrick motioning to two men walking by together, one of whom was

Taylor; (3) Taylor turning and walking to Patrick; (4) Patrick handing a container to Taylor; (5)

Taylor walking to the ammonia valve; and (6) Taylor bending over, holding the container

under the ammonia valve, appearing startled, standing up quickly, and walking rapidly away

while screwing the lid back on the container. Taylor argues that the video shows him

performing his regular job duties. For support, he cites the affidavit of Deputy Prosecuting

Attorney Brian Lamb, who stated that he filed the charges against Taylor based, in part, on

the statements made in the Tyson report regarding what could be observed in the video. When

`

Lamb later viewed the video in preparation for trial, the actions taken by Taylor as described in the internal report were not clear to Lamb.

In making a probable-cause determination in the context of a malicious-prosecution suit, the court generally "concentrates on the facts before the [legal] action commenced." *Sundeen v. Kroger*, 355 Ark. 138, 145, 133 S.W.3d 393, 397 (2003). The test for determining probable cause is an objective one based not on the accused's actual guilt, but on the existence of facts or credible information that would induce a person of ordinary caution to believe the accused to be guilty. *Wal-Mart Stores, Inc. v. Yarbrough*, 284 Ark. 345, 348, 681 S.W.2d 359, 361 (1984). Generally, ordinary caution is a standard of reasonableness and an issue for the jury. *Wal-Mart Stores, Inc. v. Binns*, 341 Ark. 157, 163, 15 S.W.3d 320, 324 (2000). However, when the facts relied on to establish probable cause are undisputed, the question of whether probable cause exists is one for the courts. *Id.*, 15 S.W.3d at 324. In *Binns*, our supreme court stated that if the defendant in a malicious-prosecution case "believed and had grounds for entertaining 'honest and strong suspicion' that [the plaintiff] was guilty" of a crime, it was entitled to a directed verdict. *Id.* at 163, 15 S.W.3d at 324.

Before criminal charges were filed against Taylor, seven members of Tyson management[2] viewed the video. Each concluded that Taylor's activity in and around the ammonia valve was suspicious and that he was involved in the ammonia-leak incident. After

---

[2] Tyson management personnel included: Matt Evans, assistant plant manager; David Smith, plant safety manager; Larry Richardson, refrigeration superintendent; Patrick Abshier, complex environmental health and safety manager; Donnie Treat, superintendent; Rick McClung, maintenance superintendent; and Hector Gonzales, human resources vice president of operations.

SLIP OPINION

meeting with Tyson management and viewing the video, separate appellees Woody Doss and Gregory Clark, both Tyson security managers, agreed with management's conclusion that Taylor had been involved in the leak incident. Based on Tyson management's interpretation of the video, Doss and Clark interviewed Taylor. In that interview, it was revealed that Taylor had been convicted of committing arson against a former employer after a dispute. Taylor showed very little emotion during his interview, denied seeing or speaking with Patrick on the day in question, and denied any involvement with the leak. Doss and Clark found Taylor lacked credibility. Based on the investigation, Tyson terminated Taylor's employment.

Others reached the same conclusion about Taylor's involvement in the leak incident as did appellees. Before charges were filed (and before the Tyson internal report was prepared), Springdale Police Officer Richard Huddler reviewed the video at the Tyson plant and opined that Taylor (and Patrick) engaged in criminal activity (the theft of anhydrous ammonia for drug purposes). Springdale Police Detective Eric Evans also viewed the video and later swore out an arrest warrant for Taylor, stating that there was probable cause to arrest Taylor for second-degree criminal mischief and third-degree battery. Finally, Prosecutor Lamb, who had possession of the report and video, filed the felony information against Taylor.

These facts are uncontroverted and establish that, based on the information appellees possessed from its internal investigation, they believed and had grounds for entertaining honest and strong suspicion that Taylor was guilty of tampering with the ammonia valve that leaked. Appellees' beliefs were corroborated by the statements and actions of law enforcement and the deputy prosecutor. These unrefuted facts would induce a person of ordinary caution to believe the accused to be guilty. Accordingly, we hold that the trial court did not err in

finding that Taylor's malicious-prosecution claim could not succeed because there was probable cause for the criminal charges. *See Sawada*, 2015 Ark. App. 549, at 8, 473 S.W.3d at 65–66 (affirming summary judgment of plaintiff's malicious-prosecution claim where evidence was undisputed that the information Wal-Mart possessed from its internal investigation and subsequent interview of the plaintiff was enough to cause a person of ordinary caution to believe that the plaintiff committed a theft; therefore, it was sufficient to establish probable cause).

Taylor's contention that the video and the investigative report can be interpreted differently (he claims that it does not show him engaged in any criminal activity) does not create a factual dispute on the issue of probable cause sufficient to defeat summary judgment. Appellees internally, along with law enforcement and the prosecutor, were of the opinion, mistakenly or not, that Taylor was involved in a nonaccidental ammonia leak. Probable cause exists when a person honestly but mistakenly believes someone is guilty of a crime, and that mistaken belief is reasonable. *Sawada*, 2015 Ark. App. 549, at 9, 473 S.W.3d at 66 (citing *Wal-Mart Stores, Inc. v. Williams*, 71 Ark. App. 211, 214, 29 S.W.3d 754, 756 (2000) (stating that "[t]he test for determining probable cause is an objective one.")). Here, appellees, based on their thorough investigation, could reasonably have believed that Taylor was involved in purposely tampering with the valve that caused the ammonia leak and injuries to fellow employees. The police and prosecutor concurred. As a matter of law, this evidence satisfied the required element of probable cause. The failure of one element renders a malicious-prosecution case defunct. *Jones v. McLemore*, 2014 Ark. App. 147, at 5, 432 S.W.3d 668, 671. Accordingly, the trial court did not err in granting appellees' motion for summary judgment.

Assuming arguendo that Taylor had presented a factual question on the element of probable cause, we would also affirm because he failed to present any facts supporting the element of malice. Malice has been defined as any improper or sinister motive for instituting the suit. *Sundeen*, 355 Ark. at 147, 133 S.W.3d at 398.

As evidence of appellees' malice, Taylor again focuses on the misrepresentations he contends are contained in the Tyson report, arguing that the report did not say that "it could have been Taylor" or "we think it might have been Taylor" or "here is a list of potential suspects, but we don't know who did it." Instead, Taylor argues that appellees' report stated that he was shown on the video causing the ammonia leak. He contends these statements are not true, which raises a question of fact on the issue of malice. We disagree and hold that Taylor failed to present any facts of an improper or sinister motive of appellees to initiate proceedings against him.

First, as set forth above, based on their investigation, appellees could have reasonably believed that Taylor was involved in the tampering of the ammonia valve. Second, the evidence was undisputed that Doss and Clark, who authored the report, did not know Taylor before the leak investigation. Third, Taylor testified in his deposition that he knew of no reason why Tyson management personnel (Richardson, Treat, McClung, Smith, Evans, and Abshier) would be motivated to provide false information in order to implicate him in the ammonia leak. Taylor also testified that he knew of no reason why Doss and Clark would dislike him or want to have him arrested. And fourth, there is no evidence that appellees sought to have criminal charges filed against Taylor. The undisputed evidence in this case reflects that appellees prepared an internal report in their ordinary course of business and provided it to

`

SLIP OPINION

the police only upon request. Therefore, Taylor has failed to meet proof with proof on the element of malice. Accordingly, we hold that the trial court did not err in summarily dismissing Taylor's malicious-prosecution complaint.

Had Taylor met proof with proof on all the elements of malicious prosecution, we would still affirm. It is a complete defense to an action for malicious prosecution if the defendant in the action instituted the prosecution upon the advice of a prosecutor or counsel learned in the law after truly laying all the facts in his possession before him or them. *Jennings Motors v. Burchfield*, 182 Ark. 1047, 1049, 34 S.W.2d 455 (1931). The reason for this rule is that where one truly lays all the facts in his possession before a prosecutor or an attorney and follows his or their advice, the law conclusively presumes the existence of probable cause, the lack of which is a necessary element in a suit for malicious prosecution. *Id.* at 1049, 34 S.W.2d at 455. In order to avail oneself of this defense, one must have made a full, fair, and truthful disclosure of all facts known to him and acted in good faith on counsel's advice. *Family Dollar Trucking, Inc. v. Huff*, 2015 Ark. App. 574, at 5, 474 S.W.3d 100, 105. The proponent of the defense bears the burden to establish it by a preponderance of the evidence. *Id.*, 474 S.W.3d at 105.

The trial court found that "[t]he defendants in this case provided all information collected during their investigation, including the security camera video, to the prosecuting attorney for review. This fact is not in dispute." On appeal, Taylor has presented no evidence that appellees withheld any information from the police or the prosecutor in connection with its internal investigation. To the contrary, the undisputed facts are that appellees, upon the request of Detective Evans, tendered all of its investigation material. This material included

not only their internal report,[3] it also included the video, which, according to Taylor, clearly and accurately showed his activities on the morning in question. There is also no dispute that Detective Evans forwarded all of appellee's investigation information to the prosecutor, who ultimately filed the felony information against Taylor.

It is unrefuted that the police and the prosecutor were provided the security video to compare against appellees' internal investigative report. Any perceived contradictions between the conclusions appellees reached in their report and Taylor's actions on the video were for the police and the prosecutor to assess. The fact remains uncontroverted that appellees provided all investigation information in their possession to the police and prosecutor, entitling them to the advice-of-counsel defense. *Jennings Motors*, 182 Ark. at 1049–50, 34 S.W.2d at 455–56 (reversing a malicious-prosecution judgment and holding that Jennings Motors was entitled to the advice-of-counsel defense where, despite Burchfield's allegation that Jennings Motors' officials made untruthful accusations to its own attorney and to the prosecutor, Jennings Motors presented testimony that it provided all of the evidence it had to both attorneys).[4]

---

[3] The internal report contained a timeline of events, a summary of Tyson management personnel's interpretation of the video, an explanation about how the leak was caused, Taylor's statement denying involvement, statements of other employees, a summary of Taylor's and Patrick's interviews, photographs of the area where the valve was located and of the valve itself, and appellees' conclusion that Taylor and Patrick were involved in the tampering with the ammonia valve.

[4] *Compare Family Dollar Trucking, Inc.*, 2015 Ark. App. 574, at 6–7, 474 S.W.3d at 105–06 (affirming a malicious-prosecution judgment and holding that the jury could have found that Family Dollar did not make a full, fair, and truthful disclosure of its investigation based on evidence from Family Dollar's investigator that he did not disclose exculpatory evidence about the plaintiffs to the company attorney, the police, or the prosecutor).

Under these circumstances, we cannot say that the trial court erred in finding, as a matter of law, that there was a full, fair, and truthful disclosure of all facts known to appellees to the police and prosecutor. Accordingly, we hold that the trial court did not err in finding that appellees were entitled to the advice-of-counsel defense. We affirm the order of summary judgment.

Affirmed.

HOOFMAN, J., agrees.

VIRDEN, J., concurs.

**BART F. VIRDEN, Judge, concurring.** I agree this case should be affirmed. I write separately to further explain and amplify the differences between this case and our recent decision in *Family Dollar Trucking, Inc. v. Huff*, 2015 Ark. App. 574, 474 S.W.3d 100, *reh'g denied* (Dec. 2, 2015). As set out in our opinion today, all five elements of malicious prosecution must be established for such a claim to succeed. *See Sawada v. Walmart Stores, Inc.*, 2015 Ark. App. 549, 473 S.W.3d 60. In *Family Dollar, supra*, we held there were questions of fact as to lack of probable cause, malice, and the advice-of-counsel defense; thus, we affirmed the trial court's denial of the defendant's motion for directed verdict and its submission of the matter to the jury. In that case, the jury resolved a factual question in favor of the plaintiffs and found that the defendant had initiated the case. During the trial, the jury had been presented with the following evidence: an agent for the defendant had prepared the report, the agent had interviewed witnesses, he had contacted the police, and he had even signed the affidavit for arrest. There was also testimony that the defendant corporation had given the direction to pursue prosecution of the plaintiffs.

In the case before us, there is no indication that the appellees did anything other than respond to requests from law enforcement, and the appellees had, upon that request, provided complete information. Although there may have been a question as to whether the prosecutor had actually viewed the video before filing charges, it was established that he had been in possession of the video.

Because there was no evidence that the appellees in any way initiated or pursued the action, the first element of a malicious-prosecution case was lacking, and the trial court was correct in dismissing the action as a matter of law. Because the appellees provided complete information to the police and prosecutor, they were entitled to the advice-of-counsel defense as a matter of law, and the trial court was correct on that count as well. As such, I see no need to review and weigh the competing claims of whether probable cause and malice presented questions of fact.

*Osborne Law Firm*, by: *Ken Osborne*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Kathlyn Graves* and *Jeffrey L. Spillyards*, for appellees.