Bart F. Virden, Judge, concurring. I agree this case should be affirmed. I write separately to further explain and amplify the differences between this case and our recent decision in Family Dollar Trucking, Inc. v. Huff, 2015 Ark. App, 574, 474 S.W.3d 100, reh’g denied (Dec. 2, 2015). As set out in our opinion today, all five elements of malicious prosecution must be established for such a claim to succeed. See Sawada v. Walmart Stores, Inc., 2015 Ark. App. 549, 473 S.W.3d 60. In Family Dollar, supra, we held there were questions of fact as to lack of probable cause, malice, and the advice-of-counsel defense; thus, we affirmed the trial court’s denial of the defendant’s motion for directed verdict and its submission of the matter to the jury. In that case, the jury resolved a factual question in favor of the plaintiffs and found that the defendant had initiated the case. During the trial, the jury had been presented with the following evidence: an agent for the defendant had prepared the report, the agent had interviewed witnesses, he had contacted the police, and he had even signed the affidavit for arrest. There was also testimony that the defendant corporation had given the direction to pursue prosecution of the plaintiffs. Inin the case before us, there is no indication that the appellees did anything other than respond to requests from law enforcement, and the appellees had, upon that request, provided complete information. Although there may have been a question as to whether the prosecutor had actually viewed the video before filing charges, it was established that he had been in possession of the video. Because there was no evidence that the appellees in any way initiated or pursued the action, the first element of a malicious-prosecution case was lacking, and the trial court was correct in dismissing the action as a matter of law. Because the appellees provided complete information to the police and prosecutor, they were entitled to the advice-of-counsel defense as a matter of law, and the trial court was correct on that count as well. As such, I see no need to review and weigh the competing claims of whether probable cause and malice presented questions of fact.